## Case No. 4,844.

FITZPATRICK et al. v. TROY INS. CO.

[5 Biss. 48.][1]

Circuit Court, D. Wisconsin. Oct., 1857.

MILLER, District Judge. The plaintiffs recovered a judgment against the defendant upon a policy against fire on a store of goods. Upon the return of an execution unsatisfied, a creditor's bill was filed, with a rule for an injunction and for the appointment of a receiver. By the consent of the parties a receiver was appointed, who has filed his bond with sureties and has entered upon the discharge of the duties of his appointment. The receiver returned into court a schedule and inventory of the premium notes and assets of the company; and he has petitioned the court, setting forth that the company was organized with two departments, the farmers' department and the merchants', and that by the charter and by-laws the accounts and policies in each department were to be entirely separate and distinct from each other; and praying instructions as to the manner of making assessments upon the notes in each department for the liquidation of the debts of the company. Section 4 of article 2 of the by-laws is, "That the accounts of each department shall be kept entirely separate and distinct, and no premium note shall be assessed for the payment of any loss except in the class to which it belongs;" and in pursuance of article 9 of the charter, these by-laws are annexed to the policy and are made by reference a part of the contract in form.

These plaintiffs paid a cash premium without giving a note, and did not, therefore, insure on the mutual principle. They have a right to claim of the company the amount of their judgment. They have not, by a note or in any other manner, classed their policy under either department as specified in the by-laws.

The charter was granted and the company was organized under and by virtue of an act entitled "An act to provide for the incorporation of insurance companies," passed by the legislature of Wisconsin, and approved February 9, 1850. I do not find in that act any authority for the division of the company into two departments, or its business into classes. The fifth section requires agreements or notes for insurance before the organization of the company, which the corporators certified to under oath, upon submitting their application for the charter. That certificate does not classify the premium notes so received. These notes are required as capital of the company. They are "payable when called for, according to the charter and by-laws of the company, to pay losses and expenses." But this provision does not authorize a classification of the notes. It is not contemplated by the act that there should be the classification as made by the charter and by-laws of this company. One charter, or the incorporation of one company upon each application, was intended. This charter and the by-laws virtually make two companies of separate and distinct interests and liabilities. The law of this state appears to be the same as that of the state of New York. The only decision in that state referred to is the case of Thomas v. Achilles, 16 Barb. 491, in which the court ruled that "a mutual insurance company, organized under the general insurance act, has no right to divide its risks into two classes according to the degree of hazard, and to assess the premium notes only for the payment of losses happening in the class to which such notes belong. The assured has a right to look to the entire capital of the company—that is, the whole amount of premium notes taken—for his indemnity, in case of loss, instead of being limited to the capital of that class of risks in which his policy has been placed. And in case an assessment is made, he has a right to claim that all the premium notes held by the company should be embraced therein."

I adopt this decision as ruling the case and shall instruct the receiver accordingly.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]